IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| VANCE KNUTSON, | ) | NO.: 6:15-cv-02076-EJM |
| Plaintiff, | ) | |
| vs. | ) | ORDER AND PROTECTIVE ORDER |
| AIR-LAND TRANSPORT SERVICE, INC., | ) | |
| Defendant. | ) | |

Pursuant to Federal Rule of Civil Procedure 26(c), and for good cause including, without limitation, the proprietary and confidential nature of information likely to be disclosed during the course of discovery and trial of this case, **IT IS HEREBY ORDERED THAT**:

1. Materials and information protected by this Order (hereinafter referred to as "Protected Materials") shall include, but not be limited to, the following:

    (a) Information and documents relating to current or former employees of Defendant containing information that such individuals would reasonably expect the employer to maintain as private, including personal data identifiers, medical and health information, performance evaluations, disciplinary information, and financial and salary information;

    (b) proprietary business and financial information of Plaintiff, Defendant, and customers and affiliates; and

    (c) any information or document that contains individually identifiable health information of any person.

2. Any party to this action may designate as Protected Materials documents (including electronically stored information), responses to requests for information or documents, deposition transcripts, hearing testimony, and any other documents, materials and

information heretofore or hereafter produced or disclosed by any party to this action and to the extent the documents, materials, or information contain, reveal, or relate to the information identified as Protected Materials in Paragraph 1.

3. At the time of production, Protected Materials shall be stamped or designated with the word "Confidential," or by identifying them by production number or other suitable description in a letter accompanying their production. Inadvertent failure to so designate prior to production will not prevent a subsequent confidentiality designation if the document or its contents have not already been disclosed by the receiving party to individuals other than the individuals identified in paragraph 6; such documents shall thereafter be deemed Protected Material. Any use of such documents prior to actual notice of designation as "Confidential" shall not constitute a violation of this Order.

4. Protected Materials shall only be used by the persons identified in Paragraph 6 for purposes of this litigation or any appeals taken therefrom, and shall not be used for any other purpose whatsoever. If any party receiving Protected Materials wishes to make a disclosure that is not permitted in this Protective Order, that party's counsel shall first obtain the consent of the producing party, through producing party's counsel. If the producing party is not agreeable to the requested disclosure, the receiving party (the party wishing to make the disclosure) may seek the approval of the Court by motion and hearing, provided proper notice of such motion and hearing is given to the producing party's counsel.

5. Protected Materials shall not be disclosed in any manner, directly or indirectly, to any person other than "Qualified Persons" as defined below.

6. "Qualified Persons" as used herein means:

    (a) Persons who appear on the face of the Protected Material as an author, addressee, or recipient of the Protected Material;

(b) Attorneys of record and employees of such attorneys whose access to Protected Materials are necessary for purposes of preparation, trial, appeal or settlement of this litigation;

(c) A party's in-house counsel, and legal staff and employees, whose access to Protected Materials are necessary for the purposes of preparation, trial, appeal, or settlement of this litigation;

(d) Independent third parties retained or used by attorneys of record in this litigation (including service providers necessary to copy, scan, print, or reproduce documents) solely for the purposes of preparation, trial, appeal, or settlement of this litigation;

(e) Named parties, and officers and employees of corporate parties, who are working on this litigation and to whom it is necessary that Protected Materials be shown for purposes of preparation, trial, appeal, or settlement of this litigation;

(f) Fact witnesses providing testimony by deposition or at any court proceeding in this case, to whom disclosure of the Protected Materials is reasonably necessary in connection with their testimony; provided, however, that before access is given, each such fact witness shall have agreed in writing to be bound by this Protective Order by completing and signing the form attached hereto as Exhibit A and advised that violation of the terms of this Protective Order may constitute contempt of Court; and

(g) The Court and any of its staff and personnel.

Before Protected Materials are disclosed to any Qualified Person under Paragraph 6(a) or 6(d), above, that person must be advised of this Protective Order and must consent to abide by it. In order to comply with this provision, such persons may be provided with a copy of the Protective Order and may be required to agree in writing to abide by all of its terms, including Paragraphs 7 and 11.

7. Any person listed in paragraph 6(a)-(f) who has received any Protected Materials shall:

(a) Use such Protected Materials only for purposes allowed by this Order;

(b) Not disclose or discuss Protected Materials except as authorized by this Order; and

(c) Not use Protected Materials except as necessary for the prosecution or defense of this action or otherwise authorized by this Order.

8. In the event that either party files with the Court any Protected Materials supporting a discovery motion, dispositive motion, or pretrial motion, counsel shall file such documents under seal using the court-authorized procedure for filing documents under seal.

9. This Order does not limit or waive the right of any party to object to document requests, interrogatories, deposition, other testimony, or to the admissibility at trial of any proffered evidence, documentary or otherwise.

10. Nothing in this Protective Order constitutes a finding or evidence that any of the information disclosed or contained in the produced or designated documents and things, is or is not confidential or proprietary in nature, or precludes any party from challenging the designation of testimony or material as Protected Material by presentation of the issue to the Court. In addition, any party may seek to modify, expand, cancel, or supersede this Order by stipulation of the parties or by motion on notice.

11. Upon conclusion of this case (by settlement or at the exhaustion of all appeals) the parties, their counsel, other Qualified Persons (with the exception of the Court and its staff and personnel), and any other person to whom the parties or their counsel have disclosed Protected Materials, shall return all originals and copies of the Protected Materials in their possession, custody, or control to counsel for the producing party, or in the alternative and at the producing party's option, shall cause all such Protected Materials to be destroyed. Without limiting the generality of the foregoing, such obligation to return or destroy disclosed Protected Materials shall include the obligation to irrevocably erase (for example, by means of an overwriting

program) all electronic images, compilations, copies, summaries, or abstracts of the Confidential Information from computer storage, or otherwise to irrevocably destroy such images, compilations, copies, summaries, or abstracts of the Protected Materials. Upon the request of counsel of the producing party, the other party's counsel, or the other Qualified Person shall certify that all originals and copies of the Protected Materials in their possession have been returned to counsel, or destroyed as required herein, and that all computer likenesses have been irrevocably erased or destroyed. Excepted from this requirement is information from Protected Materials that is contained in attorney-client privileged letters between the parties and their counsel. This exception, however, does not extend to attachments or enclosures of Protected Materials accompanying such privileged correspondence, and it does not relieve the parties or their counsel from otherwise adhering to the confidentiality requirements of this Protective Order after the conclusion of this case.

12. All produced Protected Materials remain property of the producing party. The recipient shall appropriately safeguard Protected Materials and comply with this Protective Order.

13. This Protective Order does not purport to govern the handling of Protected Materials introduced at any hearing or at trial, which is left to further agreement of the parties. If the parties do not agree how to handle Protected Materials at a hearing or at trial, the Court shall direct how such materials shall be handled.

14. The terms of this Order do not supersede and are subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

Dated this 29th day of October, 2015.

_[signature]_
Judge Jon S. Scoles
Chief Magistrate Judge
Northern District of Iowa

cc:    Mark W. Fransdal
Redfern, Mason, Larsen & Moore, PLC
415 Clay Street, P.O. Box 627
Cedar Falls, IA 50613
mwfransdal@cflaw.com
*Attorney for Plaintiff*

William B. Serangeli
Bryan P. O'Neill
Dickinson, Mackaman, Tyler & Hagen, P.C.
699 Walnut Street, Suite 1600
Des Moines, IA 50309
wserangeli@dickinsonlaw.com
boneill@dickinsonlaw.com
*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| VANCE KNUTSON, | ) | NO.: 6:15-cv-02076-EJM |
| Plaintiff, | ) | |
| vs. | ) | |
| AIR-LAND TRANSPORT SERVICE, INC., | ) | |
| Defendant. | ) | |

**CONFIDENTIALITY AGREEMENT CONCERNING INFORMATION COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF IOWA – EASTERN DIVISION**

The undersigned hereby acknowledges that he/she has read the Protective Order in the above-captioned litigation and understands its terms, agrees to be bound by each of those terms, and agrees to subject himself-herself personally to the jurisdiction of the United States District Court for the Northern District of Iowa for the purpose of enforcing its terms. Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any "Protected Materials" (as that term is used in the Protective Order) made available to him/her other than in accordance with the Protective Order.

Dated: _____, 20___.

_____
(Signature)

_____
(Type or print name of person)

Of: _____
(Name of Employer)

**EXHIBIT A**